UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CRIMINAL CASE NO. |
| | : | 3:09-cr-00055 (VLB) |
| SAM KENNEDY, | : | |
|     Defendant. | : | August 10, 2009 |

### MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION TO SUPPRESS [Doc. #25]

The defendant, Sam Kennedy, moves pursuant to Fed. R. Crim. P. 12(b)(3) to suppress evidence seized from his person and vehicle at the time of his arrest. The defendant argues that the police improperly stopped him and that they lacked a warrant, his consent, reasonable suspicion, and probable cause to search his person and vehicle. For the reasons given below, the motion to suppress [Doc. #25] is DENIED.

The following facts are relevant to the motion to suppress. On March 21, 2008, police in Greenwich, Connecticut responded to a call from a bank regarding a woman who was attempting to open an account with false identification. The woman told the responding officers that a man had given her the identification and paid her $200 to open an account. The woman also said that she was driven to the bank by a black male with dreadlocks in a blue BMW with New York license plates. The responding officers then relayed that information to other officers on duty.

About a block and a half from the bank, detectives saw a man matching the description given by the woman. The man was exiting the driver's seat of a parked vehicle that also matched the description given by the woman. The detectives approached the man as he walked along the sidewalk, and the man agreed to speak with them. The man initially denied having been in the vehicle but then admitted that he had exited the vehicle. The officers who were at the bank then brought the woman to the scene, and she identified the man as the same person who had driven her to the bank, given her the false identification, and told her to open an account. The man was the defendant, Sam Kennedy. The woman also told the officers that the defendant had shown her four or five false identifications with her photograph while the defendant was driving her to the bank.

After the woman identified the defendant, the police decided to detain and to search him. On his person they found counterfeit driver's licenses, credit and bank cards with other persons' names on them, and the key to the blue BMW. The police arrested the defendant and then searched the BMW, in which they found many other forms of false identification and others' personal information, including dates of birth and social security numbers. The BMW's trunk contained two laptop computers providing similar evidence. On March 5, 2009, the grand jury indicted the defendant on eight counts relating to bank fraud and aggravated identity theft.

"[A]n evidentiary hearing on a motion to suppress ordinarily is required if

the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are in question." United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005). "To sufficiently raise an issue of fact, the defendant, in moving for a suppression hearing, must include an affidavit of someone alleging personal knowledge of the relevant fact, and that fact must put the issue of the legality of the warrantless stop into contention." United States v. Marquez, 367 F. Supp. 2d 600, 603 (S.D.N.Y. 2005). In the present case, the defendant has not filed an affidavit or otherwise called into question the facts in the police reports and evidence cited by the Government. Therefore, no hearing is necessary, and the Court will proceed to consider the defendant's legal arguments in support of his motion to suppress.

The defendant argues that the police seized him when they first approached him and that they lacked reasonable suspicion to detain him and probable cause to arrest him. However, the defendant does not dispute that he agreed to speak with the police when they first approached him. "[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions. So long as a reasonable person would feel free to disregard the police and go about his business . . . the encounter is consensual and no reasonable suspicion is required. The encounter will not trigger Fourth Amendment scrutiny unless it loses its consensual nature." Florida v. Bostick, 501 U.S. 429, 434, 111 S. Ct. 2382 (1991). In the present case, the defendant has not filed an affidavit that would call into question his choice to speak with the

3

police rather than to disregard them.  Therefore, the Court concludes that the Fourth Amendment does not apply to this situation because the police did not seize the defendant when they first approached him.

The Court next examines whether the police had reasonable suspicion to detain the defendant for questioning.  "Under Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), police may briefly detain an individual for questioning if they have a reasonable suspicion that criminal activity is afoot . . . . A Terry stop represents an intermediate response allowing police to pursue a limited investigation when they lack the precise level of information necessary for probable cause to arrest. . . .  Reasonable suspicion requires more than an inchoate and unparticularized suspicion or hunch. . . .  Police must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion [on a citizen's liberty interest]. . . .  Like probable cause, reasonable suspicion is determined based on the totality of the circumstances but the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." United States v. Elmore, 482 F.3d 172, 178-79 (2d Cir. 2007).

In the present case, the police detained the defendant on the basis of the information provided by the woman at the bank.  She described the physical appearance and vehicle of the man who had driven her to the bank, and she then identified the defendant as that man.  Furthermore, the detectives saw the

defendant exit the vehicle and noted that he matched the description provided by the woman.  Those circumstances constitute specific and articulable facts reasonably warranting the detention of the defendant for questioning.  The Court concludes that the police had reasonable suspicion pursuant to Terry.

The Court next examines whether the police had probable cause to arrest the defendant.  "A warrantless arrest is unreasonable under the Fourth Amendment unless the arresting officer has probable cause to believe a crime has been or is being committed. . . .  Probable cause exists where the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime. . . . [T]he probable-cause standard is a practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. . . .  Because the standard is fluid and contextual, a court must examine the totality of the circumstances of a given arrest. . . .  These circumstances must be considered from the perspective of a reasonable police officer in light of his training and experience."  United States v. Delossantos, 536 F.3d 155, 158-59 (2d Cir. 2008).

In the present case, the police arrested the defendant on the basis of the information provided by the woman at the bank, the detectives' observation of the defendant exiting the vehicle, and the defendant's fallacious denial that he had been inside the vehicle.  Those facts and circumstances were sufficient to cause

**5**

a person of reasonable caution to believe that the defendant had committed a crime.  The Court concludes that the police had probable cause to arrest the defendant and to search him incident to that arrest.  "[P]olice officers may conduct a warrantless search of an individual's personal property if the search is incident to a lawful custodial arrest . . . ."  United States v. Valentine, 539 F.3d 88, 96 (2d Cir. 2008).

Finally, the Court examines whether the police properly searched the defendant's vehicle.  The defendant argues that the search was illegal because he had already been handcuffed and placed into a police car when the search was performed.  "[A]n officer [may] conduct a vehicle search when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest."  (Emphasis added.)  Arizona v. Gant, 129 S. Ct. 1710, 1721 (2009).

Although the defendant was not within reaching distance of the vehicle, the circumstances indicate that it was reasonable for the police to believe that the vehicle contained evidence relating to the offense for which the defendant was arrested.  In particular, the woman who accompanied the defendant told the police that he had shown her four or five false identifications with her photograph while he was driving her to the bank.  The detectives observed the defendant exiting the vehicle, and the defendant denied that he had been inside the vehicle.  In addition, the search of the defendant's person revealed evidence of identity theft.  Those facts establish the reasonableness of the vehicle search.

**The defendant's motion to suppress [Doc. #25] is DENIED.**

                **IT IS SO ORDERED.**

                _____/s/_____
                **Vanessa L. Bryant**
                **United States District Judge**

**Dated at Hartford, Connecticut:  August 10, 2009.**